J-S41040-25
J-S41041-25

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT O.P. 65.37**

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| Appellant | : | |
| v. | : | |
| ANTHONY DWAYN WATERS, JR. | : | No. 78 EDA 2025 |

Appeal from the Judgment of Sentence Entered August 8, 2024
In the Court of Common Pleas of Delaware County Criminal Division at
No(s): CP-23-CR-0001703-2023

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| v. | : | |
| ANTHONY DWAYN WATERS, JR. | : | |
| Appellant | : | No. 79 EDA 2025 |

Appeal from the Judgment of Sentence Entered August 8, 2024
In the Court of Common Pleas of Delaware County Criminal Division at
No(s): CP-23-CR-0001703-2023

BEFORE:   BOWES, J., BECK, J., and FORD ELLIOTT, P.J.E.[*]

CONCURRING MEMORANDUM BY BECK, J.:        **FILED JUNE 23, 2026**

I join the decision issued by the learned Majority.  Although I agree that our standard of review precludes us from vacating Defendant's sentence and remanding the matter for a new sentencing hearing, I write separately to

_____

[*] Retired Senior Judge assigned to the Superior Court.

address what, in my view, were highly problematic statements made by the trial court in fashioning and defending Defendant's sentence.

The trial court repeatedly categorizes the facts of this case as "unusual, bizarre, difficult, [and] less than normal," such that the sentencing guidelines do not account for the circumstances here, and giving rise, in part, to the trial court's determination that it must sentence Defendant to term of imprisonment that is well below the mitigated range. **See** Trial Court Opinion, 4/22/2025, at 25; N.T., 8/8/2024, at 31. It bases its conclusion that this is "an unusual case" on the fact that Defendant and D.B. "had a relationship and she was … interested in, in exploring a relationship, although she was somewhat conflicted about the relationship[.]" N.T., 8/8/2024, at 29; **see also** Trial Court Opinion, 4/22/2025, at 24-25.

Further, after explaining the nature of the relationship—that D.B. would "take breaks" with Defendant and that the two were "having some forms of contact, kissing, making out, … touching each other"—the court observed that D.B. nonetheless drew a line at penetration. N.T., 8/8/2024, at 30. And while the trial court recognized that "[s]he made that [line] pretty clear," the jury understood "that she did have very distinct and clear lines as to where she wanted the relationship to go," and "there's no doubt that that the jury found that he crossed the line," the court nonetheless found it was "not sure" Defendant "understood that line" based upon their existing relationship. **Id.** at 30-31.

The trial court appears to be operating under the impression that sexual assaults are perpetrated predominantly by strangers—victims do not know their assailants and certainly are not involved in romantic relationships with them at the time the sexual assaults occur. This could not be further from the truth. In fact, over forty percent of female rape survivors report having been assaulted by an acquaintance. https://www.nsvrc.org/statistics/ (last visited June 5, 2026). That number jumps to over fifty percent for women who were raped by an intimate partner. *Id.* In other words, stranger rape accounts for less than ten percent of cases reported by women.[1]

Thus, far from being "unusual" or "bizarre," the facts of this case—involving the sexual assault of a woman by a man with whom she had a preexisting relationship—are painfully common. The trial court's determination that "[D]efendant's prior relationship with his sexual assault victim [constitutes] a mitigating factor" is itself "bizarre" (and very concerning) for a number of reasons, not the least of which is it would result in a finding of mitigation for more than ninety percent of rapists coming before the court. *See* Trial Court Opinion, 4/22/2025, at 39.

Nonetheless, I am constrained to agree with the Majority that despite this highly improper consideration, as well as its erroneous treatment of

---

[1] For male rape victims, more than half were victimized by an acquaintance; only approximately fifteen percent of reported cases involved a stranger. https://www.nsvrc.org/statistics/ (last visited June 5, 2026).

Defendant's lifetime registration requirement under SORNA, as mitigating factors, we are unable to disturb the sentence on appeal. Although, as the Majority soundly concludes, the trial court's consideration of this information was error, it is also correct that the trial court's reliance upon additional proper considerations and factors when sentencing Defendant prevents us from finding a manifest abuse of discretion. **See** Majority Mem. at 49-55; **see also Commonwealth v. Campbell**, 347 A.3d 707, 719 (Pa. Super. 2025) (collecting cases for the proposition that if improper factors considered by the trial court are not the sole factors relied upon in sentencing the defendant, this Court will not find an abuse of discretion warranting reversal) (citations omitted), *appeal denied*, 457 EAL 2025, 2026 WL 1002240 (Pa. Apr. 14, 2026).